O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ivan Von Staich, | ) | Case No. SACV 15-2079-DDP-GJS |
| | ) | |
| Petitioner, | ) | **ORDER DENYING PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE STANDISH** |
| v. | ) | |
| Elvin Valenzuela, | ) | [Dkt. 42] |
| | ) | |
| Respondent. | ) | |

Presently before the court is Petitioner Ivan von Staich's Motion to Recuse Magistrate Judge Standish. (Dkt. 42.) Petitioner seeks to recuse Magistrate Judge Standish pursuant to 28 U.S.C. §§ 144 and 455. Having reviewed Petitioner's submission, the court DENIES the motion and adopts the following Order.

Petitioner asserts that Magistrate Judge Standish is biased against him. (Motion at 5-6.) "The test for personal bias or prejudice in [28 U.S.C. §] 144 is identical to that in section 455(b)(1) . . . ." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). "Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." Id. Under Section 455, a judge

"shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Here, Petitioner has not established that Magistrate Judge Standish's impartiality could reasonably be called into question. Petitioner does not allege that Magistrate Judge Standish has considered or relied upon any extrajudicial sources. Nor has Plaintiff demonstrated that Magistrate Judge Standish harbors any "deep-seated and unequivocal antagonism" toward him. F.J. Hanshaw Enters., 244 F.3d at 1144-45. Rather, Petitioner contends that Magistrate Judge Standish has "failed . . . to interpret the correct meaning" of certain documents, "does not understand" certain terms, "can not seem to understand" Petitioner's arguments, and disregards certain laws and evidence. The court notes that this case remains in its early stages, and that Respondent has not

2

1  yet answered or otherwise responded to the petition.  There has,
2  therefore, been little opportunity for a predisposition to develop
3  during the course of proceedings.  Although it is clear that
4  Petitioner disagrees with Magistrate Judge Standish in many
5  respects, this court sees no evidence of bias "that would render
6  fair judgment impossible" in this action.[1] Id.
7       Accordingly, Petitioner's Motion to Recuse Magistrate Judge
8  Standish is DENIED.

IT IS SO ORDERED.

Dated: May 13, 2016

DEAN D. PREGERSON
United States District Judge

---

[1] The court notes further that Magistrate Judge Standish granted Petitioner's Motion for Reconsideration, in part.  (Dkt. 38.)

3