UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>    Petitioner<br><br>v.<br><br>E. VALENZUELA, WARDEN,<br><br>    Respondent. | Case No. SACV 15-2079-DDP (GJS)<br><br>**ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PETITIONER TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative 28 U.S.C. § 2254 habeas petition [Dkt. 17, "Petition"], all pleadings, motions, briefing, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge [Dkt. 67, "Report"], Petitioner's Objection filed on September 20, 2017 [Dkt. 70, "First Objections"], Petitioner's Objection filed on September 22, 2017 [Dkt. 71, "Second Objections"], Petitioner's Motion for Clarification Based on the Magistrate's Reliance on Some Unfounded Notion . . . filed on September 22, 2017 [Dkt. 72, "Motion"], Petitioner's Motion Filed Under Federal Rule of Evidence 201 . . . filed on January 24, 2018 [Dkt. 73, "Judicial Notice Request"], and Petitioner's Ex Parte Motion Requesting This Court Take "Judicial Notice" . . .

filed on March 29, 2018 [Dkt. 74, "Second Judicial Notice Request"]. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

The Court has considered the two sets of Objections, the Motion, the Judicial Notice Request, and the Second Judicial Notice Request and finds that, to a substantial degree, they rest on false and/or frivolous premises. For example, in the First Objections, Petitioner asserts that the Report constitutes a ruling that he is "a three-strikes PLRA §1915(g) vexatious litigant." He then spends many pages arguing about why that purported finding is wrong, including complaining that prior habeas cases and/or mandamus filings stemming from criminal cases may not be used as the basis for a Section 1915(g) three strikes finding, and that the Report failed to address the Ninth Circuit's decision in *El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016). Petitioner's straw man argument is of no moment, as the Report made no such finding. 28 U.S.C. § 1915(g) and the body of law that surrounds its "three strikes" rule apply to prisoners who seek to bring civil actions without prepayment of the full filing fee. The Ninth Circuit has held that Section 1915, including subsection (g), applies only to civil rights and prison condition cases brought by prisoners and not to habeas actions. *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997). It is indisputable that the Report's analysis and conclusions had nothing to do with Section 1915(g); indeed, the statute and its related case law are not mentioned in the Report. Rather, the Magistrate Judge recommended that Petitioner be found to be a vexatious litigant pursuant to the All Writs Act and the inherent power of federal courts to regulate abusive litigants. Petitioner's mischaracterization of the nature of the Report is unfounded and inexplicable, and his objection resting upon that mischaracterization is specious.[1]

---

[1] Petitioner's related assertion that the underlying motion by Respondent to declare Petitioner to be a vexatious litigant sought a finding that Petitioner is a "qualified three strikes vexatious litigant under 28 USC §1915(g)" is equally

2

Petitioner also accuses the Magistrate Judge of failing to consider and to "inform" the District Judge: of the existence of a July 30, 2012 "judgment" granting him parole; that a subsequent parole hearing occurred on March 15, 2013; and that a settlement reached in the case of *In re Butler*, 224 Cal. App. 4th 469 (2014), occurred after the 2012 parole denial at issue in this case. These assertions also are plainly untrue. The Report addresses the July 30, 2012 letter at length, including setting forth a substantial analysis explaining why this ministerial letter does not constitute a "new judgment" granting Petitioner parole as he claims. (*See, e.g.,* Report at 4 n.2, 12, 26-31.) Petitioner's assertion in his Second Judicial Request that an amicus brief filed in the *Butler* case proves that this July 30, 2012 letter constituted a parole grant that entitles him to release on parole is without merit. The Report also makes plain that the *Butler* settlement occurred in December 2013 and, thus, <u>after</u> the February 2012 parole denial challenged by the Petition. (*See* Report at 12, 22.) While the Report did not address the actual substance of the March 15, 2013 parole hearing – because that parole denial was not the denial challenged through the Petition filed in this action – the Report did not ignore it, noting that Petitioner had brought state actions based upon that March 2013 parole denial. (*See* Report at 10, 13.) Petitioner's repeated complaint in his most recent filing that the Report failed to address the substance of parole hearings that occurred *after* the parole denial at issue in this case is of no moment. The only parole denial at issue pursuant to the instant Petition is the February 10, 2012 decision by Governor Brown and any subsequent parole denials are not relevant in this case. If Petitioner seeks to challenge subsequent denials of parole, those challenges must be raised in separate actions.

Petitioner also asserts that the Report determined that Petitioner has no federal right to file subsequent federal habeas petitions challenging parole denials that

---

factually baseless. The motion does not contain a single reference to Section 1915(g), much less argue that it applies in this case. (*See* Dkt. 50, *passim*.)

occurred or will occur after the 2012 denial of parole at issue in this case. This is a wildly inaccurate description of the Report. The Magistrate Judge actually found that the second or successive petition limitations of 28 U.S.C. § 2244(b) precluded certain of the claims alleged in the Petition, because: they stemmed from, and sought to challenge, the same February 10, 2012 decision by Governor Brown that was challenged by Petitioner's earlier Section 2254 habeas action (Case No. SACV 12-1050-DDP (RNB)); and Petitioner has not obtained leave from the Ninth Circuit to bring these second or successive claims. (Report at 31-40.) Indeed, in crafting the recommended pre-filing order set forth in the Report, the Magistrate Judge noted that any such order must not impair Petitioner's "right to mount appropriate challenges to any possible future BPH decisions finding him unsuitable for parole." (Report at 57.) There is *nothing* in the Report that can be read to opine or even hint that Petitioner may not bring federal habeas challenges to subsequent parole denial decisions; Petitioner's assertion that the Magistrate Judge so found is baseless.

The Court notes Petitioner's complaint that the Report failed to address the merits of his ex post facto argument with respect to the December 2013 *Butler* settlement. Petitioner's objection, however, fails to acknowledge that the Magistrate Judge concluded that this claim (Ground Ten) is not cognizable in a Section 2254 habeas action and that his complaint he is not receiving proper remedial relief in connection with the *Butler* class action should be raised within that action, given his contention that he is a class member. (Report at 22-26.) As a result, the Report appropriately declined to resolve the merits of the ex post facto issue raised by Ground Ten.

Aside from the above matters, nothing else set forth in the First Objections and the Second Objections warrants discussion, as the remainder of the two Objections does not affect, alter, or call into question anything in the Report. The Court now turns to the Motion, which purports to be brought under Rule 59(e) and/or Rule 60(a) of the Federal Rules of Civil Procedure. Rule 59(e), of course,

provides no basis for relief, because there was no "judgment" in this case when the Motion was filed. "Rule 59(e) 'clearly contemplates entry of judgment as a predicate to any motion.'" *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989) (citation omitted). Regardless, the Motion rests on many of the same frivolous and untrue assertions set forth above, such as Petitioner's contention that a July 30, 2012 letter constituted a new parole grant. Given the frivolous nature of these assertions, the Motion, in repeating them, does not state a viable basis for relief.

The Motion does assert a new theory – that the Magistrate Judge supposedly found that an October 2, 2014 court order denying habeas relief in Orange County Superior Court Case No. M-15715 (which was vacated shortly after it issued) "overrides" parole board actions. The Report plainly did no such thing; indeed, the Magistrate Judge found that the 11 claims in the Petition resting on and challenging that October 2, 2014 order were factually frivolous, because that Order had been vacated a month after it issued. (Report at 18-21.) The Magistrate Judge explicitly found that the October 2, 2014 state court order was a nullity and provided no basis for habeas relief. (*Id.*) No "clerical mistake" or other "mistake" in the Report has been shown and, thus, Rule 60(a) also does not support the Motion. The Motion, therefore, is DENIED.

Finally, the Judicial Notice Request is DENIED, because, like the First Objections, it rests on the fallacious premise that the Report found Petitioner to be "a vexatious litigant under 28 U.S.C. § 1915(g)." The *El-Shaddai* decision is not a proper subject of judicial notice and, in any event, is not relevant to this case, which does not involve any issue or determination under Section 1915(g). The Second Judicial Notice Request also is DENIED, as it fails to state any basis for relief or for taking judicial notice.

Petitioner's two sets of Objections, his Motion, his Judicial Notice Request, and his Second Judicial Notice Request continue his practice, as discussed in the

Report, of making factually frivolous and/or patently false assertions and mischaracterizing court orders and decisions. These filings by Petitioner only serve to underscore the reasons why the Magistrate Judge concluded that designating Petitioner as a vexatious litigant, and issuing a pre-filing order, is appropriate. Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that:

    (1) the Report is accepted;

    (2) Respondent's Motion To Dismiss The Petition [Dkt. 48] and Respondent's Motion For An Order Declaring Petitioner To Be A Vexatious Litigant [Dkt. 50] are GRANTED as set forth in the Report;

    (3) Petitioner's Motion Requesting Sanctions Against Respondent's Attorney [Dkt. 52] is DENIED;

    (4) Petitioner is hereby declared to be a vexatious litigant;

    (5) The Petition is DISMISSED as follows: Grounds Three, Four, Five, Eighteen, Twenty-One, and Twenty-Two are dismissed with prejudice; Grounds Seven, Nine, Nineteen, Twenty, and Twenty-Three are dismissed with prejudice to the extent that they rest on the October 2, 2014 Order discussed in the Report and without prejudice to the extent that they challenge the Governor's February 10, 2012 decision discussed in the Report; and Grounds One, Two, Six, Eight, Ten through Seventeen, Twenty-Four, and Twenty-Five are dismissed without prejudice; and

    (6) Judgment shall be entered dismissing this action consistently with the foregoing.

**PRE-FILING ORDER**

    In addition, the Court enters the following Pre-Filing Order against Petitioner:

    (1) Any case-initiating pleading submitted by Petitioner must be screened to determine if does any of the following: seeks to raise any of the claims

alleged in this action or in Case No. SACV 12-1050-DDP (RNB); attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – the February 10, 2012 decision of Governor Brown at issue in this case; seeks to reinstate the September 14, 2011 decision of the California Board of Parole Hearings ("BPH") at issue in this case; challenges – whether directly or indirectly – Governor Brown's or the BPH's use of and/or reliance on Dr. Atwood's 2010 psychological report; seeks relief against Dr. Atwood based on his 2010 report; seeks relief based on Orange County Superior Court Judge King's issuance of the October 2, 2014 Order in Case No. M-15715 and/or prosecutor Ray Armstrong's alleged provision to Governor Brown of "stricken" records relating to Petitioner's juvenile and adult criminal history; asserts the argument (discussed in the Report and in Petitioner's Objections) that the July 30, 2012 letter to Petitioner issued by a Staff Services Manager of the BPH constitutes a second grant of parole and/or a new "judgment" that can serve as a basis for seeking federal habeas relief; and/or attacks, challenges or seeks relief based on any state court decision that has considered, or any state court judge who has considered, Governor Brown's February 10, 2012 decision, the September 14, 2011 decision by the BPH, the July 30, 2012 letter, or any other matter arising out of or related to the 2012 denial of parole to Petitioner.

(2) Any case-initiating pleading submitted by Petitioner is presumptively barred from filing unless Petitioner concurrently submits a motion seeking leave to file the pleading that sets forth adequate justification for its filing and the initiation of the new case, and a District Judge or Magistrate Judge of this Court thereafter grants such leave and directs that the pleading be filed and the new case be initiated.

(3) To effectuate this Pre-Filing Order, the Clerk of the Court: shall no longer file any case-initiating pleading of any type submitted by Petitioner without first obtaining written authorization of a District Judge or Magistrate Judge of this Court; and shall present any case-initiating pleading of any type proffered by Petitioner first to a District Judge or Magistrate Judge for screening review prior to filing and a determination of whether such pleading falls within, or outside of, the scope of the Pre-Filing Order.

(4) Petitioner is ordered to submit a copy of this Pre-Filing Order with any case-initiating pleading he proffers to this Court.

**IT IS SO ORDERED.**

DATED: 11-5-18

_____

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE